FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2006 MAR 13  AM 11: 08

CLERK L. LaVictoire
SO. DIST. OF GA.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## BRUNSWICK DIVISION

JIMMIE COLEY,                    :
                                 :
            Petitioner,          :
                                 :
     vs.                         :       CIVIL ACTION NO.: CV205-164
                                 :
JOSE M. VAZQUEZ, Warden,         :
                                 :
            Respondent.          :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Jimmy Coley ("Coley"), an inmate currently incarcerated at the Federal Satellite Low in Jesup, Georgia, has filed a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241.  Respondent filed a Return on Order to Show Cause. Coley filed a Motion for Summary Judgment to which the Respondent filed a Response. For the reasons which follow, Coley's Petition for Writ of Habeas Corpus should be **DENIED**, and Coley's Motion for Summary Judgment should be **DISMISSED.**

## STATEMENT OF THE CASE

After a jury trial, Coley was convicted in the Northern District of Georgia of conspiracy to traffic cocaine and attempted possession of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841 and 846.  Coley was sentenced to 262 months' imprisonment on each count, to run concurrently, five years' supervised release, and a $100.00 special assessment was imposed.  (CR192-182, Doc. No. 392.)  Coley filed an appeal, and the Eleventh Circuit Court of Appeals affirmed his sentences and convictions.

AO 72A
(Rev. 8/82)

(CR192-182, Doc. No. 476.)  Coley filed a motion to vacate his sentence pursuant to 28 U.S.C.A. § 2255 in the Northern District of Georgia.  (CR192-182, Doc. No. 485.)  The Honorable Robert L. Vining, Jr., denied Coley's motion.  (CR192-182, Doc. No. 490.)

Coley contends that the Bureau of Prisons ("BOP") improperly evaluated his criminal history in determining his security level and custody classification.  As a result of this error, Coley claims that he has not been allowed placement in "Federal Satellite Low Jesup" ("FSL Jesup").  In his Motion for Summary Judgment, which the Court construes as a Reply to Respondent's Return on Order to Show Cause, Coley asserts that he is entitled to the less restrictive confinement.  Coley urges the Court to determine whether the nature of the confinement at "FSL Jesup" is an "'atypical and significant hardship' giving rise to a protected liberty interest."  (Doc. No. 7 at p. 7.)

Respondent contends that Coley has no basis for habeas corpus relief under 28 U.S.C. § 2241.  Respondent asserts that Coley does not seek his immediate release, but rather a hearing to determine whether he should be transferred to a Federal Prison Camp. Respondent also contends that Coley has no liberty interest in his prison classification and no constitutional basis for his claim.  Respondent avers that Coley's Petition also fails to state a claim upon which relief may be granted because Coley does not have a right to be incarcerated in a particular institution.   Respondent also asserts that Coley's other assertions of jurisdiction fail.  In response to Coley's Motion for Summary Judgment, Respondent avers that the use of Motions for Summary Judgment are not contemplated in the context of habeas corpus relief.

2

AO 72A
(Rev. 8/82)

## DISCUSSION AND CITATION TO AUTHORITY

28 U.S.C. § 2241 provides prisoners the opportunity to seek relief from unlawful imprisonment or custody. The writ of habeas corpus does not extend to a prisoner unless a prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Price v. Bamberg, 845 F. Supp. 825, 828 (M.D. Ala. 1993). "The statute plainly refers to the constitutionality or legality of the basis of the prisoner's custody and not the conditions of that custody which a prisoner may experience while incarcerated." Id.

Further, the Due Process Clause does not extend procedural protections to inmates who disagree with their transfer to a prison which the inmate finds to be less favorable. Meachum v. Fano, 427 U.S. 215, 225, 49 L. Ed. 2d 451, 459 96 S. Ct. 2532 (1976); Price, 845 F. Supp. at 828. Prison officials may transfer inmates anywhere within a prison system without implicating a prisoner's constitutional rights. Montanye v. Haymes, 427 U.S. 236, 242, 49 L. Ed. 2d 466, 471, 96 S. Ct. 2543 (1976); 589 F.2d 901, 903 (5th Cir. 1979) (stating that the Attorney General may transfer prisoners at his discretion). "The mere fact that prison conditions at one facility are more disagreeable than conditions at another is insufficient to signify the deprivation of a protected constitutional interest." Price, 845 F. Supp. at 828.

Coley does not have a constitutional right to determine his placement in a particular prison facility. See Montanye, 427 U.S. at 242, 49 L. Ed.2d at 471. Nor does Coley have the right to demand a hearing to reassess his security classification. See Cohen v. United States, 151 F.3d 1338, 1343-44 (11 th Cir. 1998) (stating that security classification decisions are a Federal Bureau of Prisons discretionary function). Coley's petition does

3

AO 72A
(Rev. 8/82)

not address a constitutional right or liberty interest that is remedied by a writ of habeas corpus. Accordingly, Plaintiff's Petition for Writ of Habeas Corpus should be dismissed.

It is unnecessary to address Respondent's remaining arguments.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Coley's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, be **DENIED**. It is also my **RECOMMENDATION** that Coley's Motion for Summary Judgment be **DISMISSED**.

**SO REPORTED and RECOMMENDED,** this _13th_ day of March, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)